IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BASCO MANUFACTURING CO.,** | **:** | **CASE NO. 1:07cv944** |
| **Plaintiff,** | **:** | **Judge Michael R. Barrett** |
| **v.** | **:** | **PERMANENT INJUNCTION AND FINAL JUDGMENT** |
| | **:** | |
| **MARK MURPHY,** | | |
| | **:** | |
| **Defendant.** | | |

With the agreement of Plaintiff Basco Manufacturing Company ("Basco") and Defendant Mark Murphy ("Murphy"), the Court enters this permanent injunction and final judgment. The Court, with the consent of the parties, orders:

1. Until November 20, 2008, Murphy shall refrain from, directly or indirectly, soliciting customers for, and/or selling shower doors, shower enclosures or any other product or service of Heights Glass & Mirror Co. ("Heights") competitive with Basco on his own behalf or as an employee, advisor, consultant or sales agent of any person, firm, corporation or other entity. Indirectly soliciting or selling does not include: (a) providing services to existing Heights customers; (b) preparing take-offs on blueprints for existing Heights customers; (c) preparing itemization of products and sizes for existing Heights customers; (d) obtaining pricing from Heights' senior management for existing Heights customers; (e) preparing quotes for existing Heights customers; (f) answering questions relative to size, quantities or products quoted for existing Heights customers; (g) attending field meetings with existing Heights customers; (h) preparing specifications for requested non-standard contract options for existing Heights customers; (i) checking contract

documents to ensure pricing provided is correct for existing Heights customers; (j) troubleshooting differences between sizes contracted versus installed for existing Heights customers; and (k) acting as a conduit between field personnel and installing crews for existing Heights customers.  Existing Heights customers shall be defined as any customer of Heights who had done business with Heights prior to Murphy commencing employment with Heights or customers who had not done business with Basco during Murphy's employment with Basco.

2. Until November 20, 2008, Murphy shall refrain from, directly or indirectly, requesting or advising any customer of Basco to withdraw, curtail or cancel such customers' business with Basco.

3. Until November 20, 2008, Murphy shall refrain from, directly or indirectly, inducing or soliciting any employee or agent of Basco to leave Basco or accept any other employment or position or hire or aid or assist any other entity in hiring away such employee or agent from Basco.

4. Murphy shall refrain at any time from disclosing, providing, using or exploiting any of Basco's trade secrets, confidential information or proprietary information, including but not limited to, business and marketing plans, client or customer and/or prospect lists, and lists of clients' or customers' requirements, purchases and usages, to any third party.

5. No bond or security is required for this order.

6. The Court will retain jurisdiction of this case for the purpose of enforcing the terms of this injunction.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court